

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2004

# Carmichael v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Carmichael v. Comm Social Security" (2004). *2004 Decisions.* Paper 477.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/477

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2583
_____

JIMMY CARMICHAEL,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-04977)
District Judge: Honorable Timothy J. Savage

_____

Submitted Under Third Circuit LAR 34.1(a)
on February 10, 2004

Before: SCIRICA, Chief Judge, ROTH and MCKEE Circuit Judges

(Opinion filed:   July 21, 2004)

ROTH, Circuit Judge:

Claiming a series of health problems that included headaches, vision problems, physical weakness, and pain in his extremities and torso, Appellant Jimmy Carmichael applied for Disability Insurance Benefits (DIB) and Supplemental Security Insurance (SSI) on September 9, 1998. The Pennsylvania state agency responsible for administration of DIB and SSI denied these applications. Carmichael's applications were also denied on reconsideration.

Carmichael requested a hearing on his DIB and SSI applications, which was convened on December 1, 1999. The Administrative Law Judge (ALJ) postponed the hearing until February 3, 2000, in order for Carmichael to employ representation. At the February 3 hearing, Carmichael was represented by a non-attorney A vocational expert testified as to the nature and extent of Carmichael's disability. On June 9, 2000, the ALJ found that Carmichael, despite his limitations, still retained the ability to perform light work. Carmichael's request for further administrative review was denied, thus making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Carmichael filed a complaint in the United States District Court for the Eastern District of Pennsylvania seeking to overturn

2

the Commissioner's decision. On February 26, 2003, a United States Magistrate Judge recommended that the Commissioner's motion for summary judgement be granted, stating that substantial evidence supported the ALJ's finding. Adopting the Magistrate Judge's Report and Recommendation, the District Court entered judgement for the Commissioner on April 7, 2003. Carmichael now appeals the District Court's decision.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). While our review of the District Court's order is plenary, we may reverse the grant of summary judgment to the Commissioner only if we conclude that the ALJ's findings were not supported by substantial evidence. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence refers to that evidence that "a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted)). In making this determination, "we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder." Burns, 312 F.3d at 118.

In making a disability determination, the Commissioner's regulations require that an ALJ engage in a sequential, five-step evaluation. The ALJ must consider in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his sever impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether his impairment prevents him from performing his past relevant

work; and (5) if so, whether he can perform any other work which exists in the national economy, in light of his age, education, work, experience, and residual functional capacity (RFC). 20 C.F.R. §§ 404.1520, 416.920; Burns, 312 F.3d at 118-19.

Initially, Carmichael argues that in applying step-five and finding him employable in a light work field such as a mail room clerk or cashier, the ALJ impermissibly substituted his own medical conclusions. Specifically, Carmichael cites the ALJ opinion which gives one doctor's opinion "somewhat greater weight" and states the ALJ based his decision on Carmichael's RFC on his "interpretation of the evidence of record." The ALJ, however, has the responsibility for evaluating the record and weighing the relative worth of evidence as a necessary part of making his determination. The record shows that the ALJ considered all the medical evidence before rendering his decision. The ALJ also indicated both the evidence upon which he relied and his rationale in making his determination. Further, given various findings of the work Carmichael could do and the extent of his limitations, the ALJ's conclusions on Carmichael's RFC were indeed supported by substantial evidence. Thus, far from substituting his own medical conclusions, the ALJ's decision was rightly guided by the evidence.

Carmichael also argues that his non-attorney representative was an ineffective advocate, and that because of this the Commissioner was obliged to ensure all issues were fully identified and developed. Because of the inquisitorial nature of Social Security proceedings, "[i]t is the ALJ's duty to investigate the facts and develop the arguments

4

both for and against granting benefits." <u>Sims v. Apfel</u>, 530 U.S. 103, 111 (2000).  Such reasoning is further supported by the fact "that a large portion of Social Security [disability benefits] claimants either have no representation at all or are represented by non-attorneys." <u>Id</u>. at 112.  In the instant case, the ALJ ordered two consultive examinations.  He attempted to obtain records from Carmichael's previous medical providers.  He obtained two state agency medical expert opinions concerning Carmichael's RFC.  By ensuring this battery of exams, and soliciting both records and opinions concerning Carmichael's limitations, the ALJ acted to investigate arguments both for and against granting benefits.  <u>Sims</u>, 530 U.S. at 111.  Thus, the ALJ fulfilled his duty to fully develop the record.

     For the reasons stated above, we will affirm the judgment of the District Court.